(No. 3193—

RALPH BAKER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1938.*

FRANK P. NORTH, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The Claim of Plaintiff herein presents a situation which causes the court to wish that it had arbitrary discretion in the allowance of claims. The record discloses that claimant, on August 13, 1937, was the owner of a Ford sedan; that during the night of the date stated the automobile was parked

on one of the streets in Rockford, Illinois; that while so parked, one Sergeant Costello, then and there assigned to Military Police duty in connection with summer maneuvers of the Illinois National Guard, backed a State owned automobile which he was driving, into the front part of claimant's car, resulting in damages to the fenders and hood which were repaired at a cost of $42.76. The claim was submitted to the attention of a Board of Officers of Headquarters Special Troops, 33rd Division, who found, "That the driver of the Government vehicle was responsible for the accident and recommended allowance of the claim for $42.76." Claimant was notified that the report was being submitted to Carlos E. Black, Adjutant General of Illinois, and on November 18, 1937 the latter notified claimant as follows, "Report of the Board of Officers * * ** indicate that this accident occurred through no fault of yours. This Department is not permitted by law to make payment for damages. Any claim that you might have should be submitted to the Court of Claims." Plaintiff thereafter filed his claim on January 27, 1938, and the Attorney General has filed a motion to dismiss, for the reason that the claim discloses on its face that it is predicated upon the alleged negligence and carelessness of one in the service of the State, and that under the law, the State cannot be held liable for damages resulting from the negligence or wrongful acts of its officers, agents, servants or employees, and the Doctrine of Respondeat Superior does not apply to the Sovereign State.

The contention made by the Attorney General must be sustained, and the claim dismissed, but the Court cannot refrain from indicating its view that further effort should be made by those in authority over Sergeant Costello in holding him responsible for the damages that have heretofore been shown before the Military Board to have resulted from his negligence.

The motion to dismiss is sustained and the claim dismissed.